# DENT vs. PORTWOOD.

1. To show that a bill of sale to a slave is fraudulent, as being made to hinder and delay the vendor's creditors, a deed for land executed by him on the same day to the vendee, is admissible evidence, as tending to show that the vendor was disposing of his whole estate, and thus adding to the other proof of the *mala fides* of the bill of sale.
2. The payment of sixty-five dollars for a slave is a valuable consideration, and entitles the purchaser to the property as against one claiming under a voluntary fraudulent sale previously made.

ERROR to the Circuit Court of Fayette.
Tried before the Hon. WM. R. SMITH.

P. & J. L. MARTIN, for plaintiff in error.
E. W. PECK, *contra*.

CHILTON, J.—This was an action of detinue by Portwood against Dent, to recover a slave named Daniel.

It appears from a bill of exceptions sealed upon the trial, that the plaintiff proved, that said slave formerly belonged

to one Robert Oliver, who died in Texas; that upon the distribution of his estate by the administrator thereof, the slave in controversy was allotted to one Jefferson W. Oliver, a distributee of said estate, and by him sold to the plaintiff.

The defendant below proved, that said Robert Oliver, in his lifetime, executed to him a bill of sale for the slave in controversy, with other slaves, which were delivered with the bill of sale to him.

The plaintiff then offered proof tending to show, that the bill of sale was made by Oliver to defraud creditors; and, as tending to strengthen this position, he offered a deed for land executed at the same time the bill of sale was made by Oliver to Dent. This deed was objected to, but allowed be read.

The plaintiff (Portwood) offered evidence to show, that he had exchanged certain slaves which he had received as a distributee of said Oliver's estate, but which were embraced in Dent's bill of sale, for the slave in suit, and that he also paid in cash the sum of sixty-five dollars.

The court charged, that, if Dent's bill of sale was intended to delay, hinder, and defraud creditors, then the payment of the sixty-five dollars would constitute the plaintiff a *bona fide* purchaser for a valuable consideration, and entitle him to recover.

The admission of the deed and this charge are here assigned for error.

The deed for the land made at the same time between the same parties, we cannot say was irrelevant, as we can readily see how it might add to the proof of *mala fides* in the execution of the bill of sale for the slaves, as showing that the grantor was in fact disposing of his entire estate.

As to the charge, it was clearly free from error. The sixty-five dollars paid was a valuable consideration, and entitled the purchaser to the property as against a voluntary fraudulent sale previously made. No question was made, nor any proof offered to show, that Portwood's purchase was fraudulent. So that the charge was no invasion of the province of the jury. The only question was, whether the sixty-five dollars constituted Portwood a *bona fide* purchaser for value; whether, in other words, he was to be considered as a volunteer. The court properly held that he was not.

Let the judgment be affirmed.